Florida for five crimes enticement count one enticement of a minor to engage in sexual activity count to production of child pornography count three the receipt of child pornography count for possession of child pornography and count five the commission of these sex offenses as a registered sex offender the case got very close to trial several days before the trial was scheduled to begin at the end of the pretrial conference in the case mr. Butler entered a guilty plea pursuant to an agreement with the government not a plea agreement but an agreement to dismiss counts three through five of the indictment mr. Butler pled to the enticement of the child and the because of his prior child sex offense he faced a minimum mandatory 25-year sentence up to a maximum of life imprisonment in the case on count one had he not accepted responsibility and had the government not agreed to dismiss count five of the indictment he would have faced a guidelines life sentence or the practical equivalent of a life sentence with a 35-year minimum mandatory when he entered his plea mr. Butler did not know what the sentence he would receive would be but had an expectation that the court would consider the guidelines as it's directed to do in 18 USC 3553 that is one of the factors that the court should consider the guidelines although they're not mandatory there was no dispute over the guidelines in mr. Butler's case they were between 300 and 365 months there were no objections from the defense there were no objections from the government the guidelines would have been a bit lower but for the 25-year minimum mandatory that became the floor in the case the district court gave mr. Butler though most harsh sentence that the court can hand down in this type of case a life sentence that was not a guideline sentence it was an upward variance in the case and this court's role she had the authority to do she did she said the guideline sentence and the mandatory minimum doesn't take into account much of the conduct that I'm and so is there anything about that conduct that she could not rightfully take into consideration no judge and actually I think she should have paid more attention to the particular facts of mr. Butler's prior conviction than the court did at one point that's what she did which justified the higher daughter of a friend you had four children by four women two of whom were underage at the time 12 and 15 those were he was guilty of statutory rape under Florida law several times basically but not adjudicated there was one conviction for lewd and lascivious battery which is about it of course with the minors no charges were brought on one of those cases the other was initially charged as a sexual battery under Florida law which required force but mr. Butler was not convicted of that offense he was convicted of a lewd and lascivious battery which did not require force and there was some question over which one of the objections which didn't affect the guidelines range went to the consideration his history of sex with minors and the need to protect the community in order to vary upward from the guideline range I mean not aware of any authority that would prohibit her from doing that in deciding whether to vary upward from the guidelines then you cite me to any authority that says she's unable to take those factors into consideration just this courts decisions in Irie and Rosales Bruno that say that this court has the authority to review the reasonableness of that decision so not that she didn't have the authority to do it but this court has the authority to review whether that was reasonable and to look at whether she weighed the guidelines factors appropriately whether she considered improper factors in her analysis we stated explicitly the district courts have broad leeway in deciding how much weight to give prior crimes the defendant has committed doesn't that cut against your argument well here I believe that the court didn't really consider the facts of mr. Butler's prior convictions didn't want to hear more about those just focused solely on the fact that there were prior convictions and also focused on improper factors like what mr. Butler could have been charged with or why the government chose not to pursue certain charges in the case that would have made a life sentence mandatory you're arguing though about the weight that the district court place on the prior criminal history and how is that an abuse of the district courts discretion to have placed more weight on it than you would prefer in Rosales Bruno this court said that the particularized facts about the defendant matter and I don't believe that the gave fair consideration to the facts of mr. Butler's prior conviction it appeared from the court's reasoning that it felt that the guidelines had a problem with them that individuals who had prior child sex convictions basically ought to be subject to a mandatory life as or life as part of the guidelines range in that's not how the guidelines worked out in mr. Butler's case and they were properly calculated so I don't believe that the court really considered the facts of mr. Butler's prior convictions one of which the court had absolutely no information about other than she took into consideration everything that was in the pre-sentence investigation report all right she didn't go beyond the dispute over some of the facts about a prior conviction that was one of the objections that was made it was never really resolved by the district court it it was just said that it matters not to me whether mr. Butler forced himself on these girls or not and I think that she was required to at least consider what the facts of those prior convictions are when relying on them for an upward variance I also think that it's improper for the court to opine about what charges the government could have brought and that it could have been a mandatory life case in her opinion had the government charged the statute which was never charged and was that the 3559 yes your honor okay which was never charged he was never given a chance to raise a legal argument a defense about that why is that impermissible when the court under three five five three a six is supposed to consider sentencing disparities why was that improper consideration because defense counsel wasn't provided notice that the court was thinking about the applicability of this statute I think it would have raised a complex legal question about the mens rea required under Florida law that would have made it similar or not to a federal conviction that should have been litigated in the district court if that was a factor that the district court was going to rely on it sentencing so to just come in and say I think that this statute that wasn't charged should have applied without going through that process I think is unreasonable and well the only thing she really said was I had then you know it would it would you know give rise to a life sentence but in any event I have the authority to vary upward from the guidelines that's all she said she also focused on a problem that the court saw with 4b 1.5 that the five level enhancement for a pattern of activity criminal activity could not be conviction that prior sex conviction was taken into account already in the guidelines in two ways one it increased mr. Butler's criminal history category from a four to a five and two it raised the floor of the guidelines because of the minimum mandatory if that did apply basically anyone with this criminal history regardless of the facts would be facing life as part of the guideline range and that's not what the guidelines were in mr. Butler's case thank you mr. Tarazi this year good morning and may it please the court I'm assistant United States Attorney Meredith steer and I'm here on behalf of the United States of America the district court considered all the 3553 a factors and imposing mr. Butler sentence for enticement of a minor to engage in sexual activity and production of child pornography the district court properly weighed the 3553 a factors and gave a detailed significant justification for its variance in this case which was substantively reasonable first the district court correctly calculated the guideline range to be 300 to 365 months as pointed out by mr. Terraza the district court did note that there was in her opinion a flaw in the guidelines which required an application of 4b 1.5 a instead of 4b 1.5 B and if 4b 1.5 B had applied the guideline range would have been 360 months to life importantly the court stated that it was an unfortunate fact that because mr. Butler had a prior conviction for a sex offense 4b 1.5 a had to apply without that prior sex offense conviction 4b 1.5 B would have applied because mr. Butler clearly engaged in a pattern of activity involving prohibited sexual conduct with minors then the court identified that the guidelines did not adequately account for the nature and circumstances of the offense in this case the court concluded that mr. Butler's role in the offense his extreme conduct the dismissed uncharged conduct the victim impact and the aggravating circumstances all favored an upward variance was there anything improper about the district courts consideration of the quote anomaly in the guidelines or in the statement the district court made that we just discussed as to why the government didn't charge under three five five nine no your honor and as you stated I think part of the factors that the court was required to consider was whether this the guidelines were resulting in a disparity and sentencing and so because mr. Butler happened to have that conviction for his misconduct with the 12 year old that resulted in her pregnancy his guidelines were lower than if that conviction had never occurred but she also considered the fact that somebody else who maybe didn't have a willing victim or didn't have the evidence to support a conviction like that would have had 360 months to life as their guideline range as far as 3559 I again I think as you pointed out disparities and sentencing is one of the things that the court is required to and here the court rightly so ask the government why we did not seek application of 3559 in candor to the court there's no case law on point and so rather than create an issue for appeal we simply pointed it out in the 404 B notice that was filed more than a year before the the sentencing in this case and nearly a year before the change of plea we also pointed it out in the government's 11 page sentencing memo that it was something that may have applied in this case but we were not seeking for the court to apply it and the court did not apply it the court took it into consideration and arriving at the sentence which was correct to do so within the statement of reasons the court detailed that mr. Butler's offense was not just a production of child pornography case but also involved multiple instances of sexual misconduct with a 15 year old when mr. Butler was 46 years old the Facebook messages showed that the defendant in the victim showed that the defendant pursued the victim over the course of several months and included his plan to travel to Tennessee to have sex with the victim along with another adult male as to mr. Butler's history and characteristics the court noted that this was mr. Butler's third hands-on sex offense of the minor his history included at the age of 27 having sex with a 12 year old and impregnating her and then just two years later when he was 29 he impregnated a 15 year old mr. Butler served five years for that 12 for the impregnating the 12 year old yet 18 years later the court stated mr. Butler was again sexually victimizing another child the judge explained that certainly the mandatory minimum but also the guidelines failed to adequately address mr. Butler's history and as reflected in the statement of reasons the district court recognized that mr. Butler also had two prior violent felonies that were not scored for criminal history purposes as well as a prior drug trafficking conviction the other male who was with him when he traveled to Tennessee was he charged your honor we did not have evidence to support that that trip actually happened it appeared to be a mr. Butler and the victim that this was a plan that they were coming up with but we didn't have evidence that that trip actually occurred the totality of the record is clear and its substance that the district court gave careful substantial consideration of the 3553 a factors and imposing its sentence the district court detailed those reasons for 28 pages and nearly 90 minutes the judge reiterated the facts that led to her sentence in the statement of reasons reflecting her serious consideration of this case mr. Butler sentence while harsh and its incapacity nature was substantively reasonable and there was no error in judgment or an abusive discretion absent any further questions from the court well I have one question for you looking at page 18 of your brief and you say that he was a repeat sex offender who had a 100% recidivism right how can a defendant have any rate of recidivism other than 0% or 100% that's fair your honor but in this case he certainly had a 100% recidivism rate as reflected in the evidence thank you thank you mr. Tereza you've reserved some time for rebuttal may please the court one of the cases that describes this courts role here is the irie case and it describes some of the most horrible crimes against children this courts probably ever seen it is distinguishable from mr. Butler's case in a number of ways the defense tried to point that out to the judge by the way mr. irie even with the sentence this court directed that the lower court imposed got a lower sentence than mr. Butler defense counsel tried to point things out to the court that mr. Butler was not a purveyor of child pornography other than the pictures the victim sent him he didn't upload them to the internet he didn't trade in them with other people the court refused to consider that explicitly as mitigating in any way the court really refused to consider anything then the fact that mr. Butler was a repeat and dangerous sex offender which was admitted by the defense you keep saying that the district court didn't consider it but didn't the district court consider it and reject it in that a more accurate statement you made the argument it was before the district court the district court didn't adopt that that's still consideration I think there were some statements that said it where the district court said it matters not to me what happened in those prior offenses sounds like a consideration and then a rejection to me when the facts matter not it certainly didn't factor in any into the court's analysis that I could see I think the other problem in this case is that there's no way meaningful way to tell how the actual guidelines calculation factored into the court's sentencing decision I think there's some expectation even though the guidelines aren't mandatory that the court will really consider the guidelines range in a case not what it thinks are the problems with the guidelines range or what Senate statute should have been charged that could have made it more difficult on you mr. Butler entered a plea and because of that plea the only reason because he accepted responsibility and because the government in exchange for him giving up his right to go to a trial dismissed the 10-year consecutive mandatory he had some expectations the court would really consider that that decision that he made his remorse and his acceptance of responsibility would factor into the court's sentencing decision Congress has said that the court is supposed to consider those guidelines and I don't think there's any indication in the record that the court did that in any meaningful way mr. Butler's case thank you all right thank you mr. Tereza and you were appointed by the court to the court thanks you for your service all right thank you mr. here the next